Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**BILL GREEN**
Crawfordsville, Indiana

ATTORNEY FOR APPELLEE:

**WILLIAM O. HARRINGTON**
Danville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FRANK R. KEETON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 67A01-1108-DR-00344 |
| | ) | |
| LINDA K. KEETON, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE PUTNAM CIRCUIT COURT
The Honorable Matthew L. Headley, Judge
Cause No. 67C01-0911-DR-288

**March 29, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Frank ("Husband") and Linda ("Wife") Keeton's marriage was dissolved in Putnam Circuit Court. Wife appeals the trial court's dissolution order and raises one issue: whether the trial court abused its discretion when it assigned a value of $1,200,000 to the parties' commercial real estate.

We affirm.

**Facts and Procedural History**

The parties' marriage of over forty years was dissolved by the Putnam Circuit Court on July 7, 2011. During their marriage, the parties accumulated significant assets, which the trial court divided equally. These assets included two businesses, an elk farm, and the martial residence.

The parties' flooring business was housed in a commercial building also owned by the parties. During the dissolution proceedings, the parties presented evidence concerning the value of the commercial real estate. Specifically, Husband proposed that the real estate be valued at $913,000, and Wife argued that it was worth $1,400,000.

In the dissolution decree, the trial court assigned a value $1,200,000 to the commercial real estate and ordered Husband to pay all debt owed on the mortgage and a separate line of credit. Wife now appeals the trial court's valuation of the commercial real estate. Additional facts will be provided as necessary.

**Discussion and Decision**

Wife argues that the trial court abused its discretion in assigning a $1,200,000 value to the parties' commercial real estate. The trial court has broad discretion in ascertaining the value of property in a dissolution action, and its valuation will only be disturbed for an abuse of that discretion. Hartley v. Hartley, 862 N.E.2d 274, 283 (Ind. Ct. App. 2007). We will find no abuse of discretion if the trial court's decision is supported by sufficient evidence or reasonable inferences therefrom. O'Connell v. O'Connell, 889 N.E.2d 1, 13 (Ind. Ct. App. 2008). A trial court abuses its discretion when there is no evidence in the record supporting its decision to assign a particular value to a marital asset. Id.

During the dissolution proceedings, Wife requested that the trial court value the real estate at $1,400,000 and Husband requested a value of $913,000. See Appellee's App. pp. 6, 78. Husband submitted a report prepared by a real estate broker/appraiser and two additional appraisers. They estimated that the fair market value of the property was $1,400,000. Appellant's App. p. 52. Husband later sought the broker's opinion of the value of the commercial real estate if it was offered at a "quick sale." The broker estimated that the "quick sale" value would equate to forty to fifty percent of the fair market value or approximately $560,000 to $700,000. Id. at 125. The broker stated that the "quick sale" value for the commercial real estate is "less than the fair market value . . . due to the economic conditions we are experiencing today and also due to the lack of financing available for commercial property by lending institutions and the market that

3

would participate in the auction process for" the real estate. Id. Finally, the assessed value of the commercial real estate is $707,300.

The parties presented evidence indicating that it is reasonably likely that the commercial real estate will be sold in a "quick sale." On the date of the final hearing, the debt owed on the real estate exceeded $1,200,000, and the parties were delinquent on their payments for the commercial mortgage and line of credit. Also, the parties utilized the commercial real estate for their flooring company, which has suffered decreasing sales during the economic downturn.

Because the trial court was presented with evidence that the commercial real estate would likely sell for less than the appraised fair market value, the trial court did not abuse its discretion when it assigned a value of $1,200,000 to the real estate. And if the real estate is sold for less than $1,200,000, which will likely occur if it is auctioned during a quick sale, Husband will bear the totality of that loss.

Affirmed.

FRIEDLANDER, J., and RILEY, J., concur.